### BENEFITS FROM STREET IMPROVEMENT.

[Common Pleas Court of Franklin County.]

JOHN L. WALDSCHMIDT ET AL v. WILLIS G. BOWLAND,
TREASURER, ETC.*

Decided, December 4, 1904.

*Streets—Improvement of—Benefits—Validity of Assessment—Proof
Necessary to Secure Reduction of—Estoppel Against Grantees—
Does Not Arise, When.*

1. In an action for the reduction of a street assessment on the ground
of lack of benefits, testimony and estimates as to the value of the
abutting property before and after the improvement which leave
the court in doubt will be resolved against the plaintiff.

2. Estoppel against contesting the validity of an assessment will not
be inferred in the case of a grantee who purchased subsequent to
the levying of the assessment, unless the language of the deed
fairly warrants the conclusion that the grantee reserved from the
purchase money an amount sufficient to satisfy the lien.

3. The expressions in the deed with reference to payment of an as-
sessment will be construed in favor of the grantee where of an
indefinite character, or where the agreement to pay an assessment
is found in a separate clause and not as a part of the purchase
price; nor does the language of the warranty that the premises
are free and clear of all incumbrances except certain unpaid street
assessments impose upon the grantee *per se* the obligation to pay
such assessments.

DILLON, J.

In 1892, South Third street in this city was improved with
a new brick street, for a distance of about 3,840 feet, between
Fulton street and Rheinhard avenue. In the fall of the same
year, the city council passed the ordinance assessing the costs
of this improvement upon the abutting lots at the rate of
$8.01757 per front foot, the same to be paid in nineteen annual
installments, with interest.

The plaintiffs in this case have paid twelve of those install-
ments with one or two exceptions, and as lot owners upon said

*Affirmed by the circuit court, 6 C. C.—N. S., 99; circuit court
affirmed by the Supreme Court, without report, 71 O. S., 484.

street, they ask that the remaining installments be declared null and void for the reason that they have already paid more than their respective lots were benefited by this improvement.

The main question, therefore, to be decided by this court is, whether or not the abutting lots and lands on this street were actually benefited in value by this improvement, in an amount at least equal to the assessment.    The nature of this street is peculiar in this, that with the exception of a few store-rooms and saloons, the property was nearly all residence property and is ocupied by a German settlement, and as to which there has been, up to the time of this improvement, very little change in ownership.    Difficulty has, therefore, been experienced in obtaining the market values of the property.    Previous to this improvement the street was a gravel street, very similar to a country road and was not a thoroughfare.    The houses were small, being generally one or one and one-half stories in height, and being quite old.

So far as the testimony of witnesses who now attempt to give their recollection of values fourteen years ago, we are confronted with the same difficulty that has characterized so many of these actions in this court.

Of the witnesses for the plaintiffs, we have Mr. Heer, Mr. Bauman, Mr. Waldschmidt, Mr. Hurschman, Mr. Herman and Mr. Schumacher, all declaring that there is no increase in value, at all.    These witnesses were evidently honest and their testimony must be weighed by the court in that light.

The testimony of Martin Kellner, to which I attach considerable weight, is to the effect that the lots were all benefited in the amount of two or three dollars per front foot, but complained, as did some of the other witnesses, that as a matter of market value, the property was not increased any by reason of the condition of the minds of the resident owners.    They had not been accustomed or used to any such matters and were greatly frightened, and that the market value at that time was really a false one, and not a true one by reason of their fright, and the anxiety of some of them to sell their property even at a sacrifice.

I will not discuss the various phases of these witnesses, nor the fact that as to some of the witnesses I can not attach very

much weight because of their failure to qualify. But continuing on the part of the defendant, we have the testimony of nine reputable real estate men to the effect that the property was increased in value from eight to ten dollars per front foot. One of the witnesses, Mr. Wirtwein, who has loaned money in that vicinity, alleging that the property was increased from ten to fifteen dollars per front foot and in one locality from fifteen to twenty dollars.

It would not be proper for juries, nor for a court sitting as a trier of fact, and therefore acting in the same capacity, to give the mental process by which facts are believed or doubted. I have examined the street myself, the character of the property, and after having heard all the evidence in the case, and the cross-examination has been adduced, I can not believe from my experience in the price of streets and the character of these lots and of this street, that the property was benefited to the full amount of the assessment. Nor can I accept the statements of those witnesses who find that the property was not benefited in any amount whatever.

The most reasonable conclusion to which I can come, when I take into consideration that the plaintiff must not leave the court in doubt, and that any figures involving doubt should be resolved against the plaintiff, is that the just and correct increase in value of these lots by reason of this improvement was $6.50 per front foot and no more.

The next question which arises is the estoppel as to certain of the plaintiffs by reason of their having purchased their present property since the assessment, and by the terms of their deed having assumed and agreed to pay the assessment as a part of the consideration. To what extent the Supreme Court of this state will go in its final determination and settlement of the liability of a grantee of a deed, we have as yet no direct announcement except in their action in affirming the Caldwell case from our circuit court. In that case the grantee assumed and agreed to pay a street assessment as a part of the purchase-price of the lots and for the reason that by that act grantor in the deed had voluntarily waived any claim or right to the deduction thereof for himself, and by his act was in fact and in law paying the

claim himself, the grantee had no cause to complain at all, and was in the role of a mere interloper seeking to gain a benefit to which he was not in good conscience entitled. In other words, the theory is that the grantee reserves and takes out of the purchase-price a sufficient amount to meet the liens upon it.

We must, therefore, determine from the language of each deed whether the parties had placed themselves in that attitude or not. As the court is bound to construe strictly such liability, as the one imposed by the city in this case, estoppel of a grantee will not be inferred unless the language of the deed itself fairly warrants such facts to exist as would bring it under the rule of the Caldwell case.

The plaintiff, Peter G. Meinert, in his deed expressly assumes and agrees to pay the assessment as a part of the consideration. He, therefore, can not be relieved under the ruling of the Caldwell case.

The plaintiff, Frederick E. Schweinsberger, assumed and agreed to pay this assessment "in addition to the consideration hereinabove mentioned." This language, as I construe it, means that the parties had taken into consideration the amount of this assessment, that the grantee and the grantor each knew the amount, and that the grantee, as a part of the consideration, assumed the burden. He also, therefore, comes within the Caldwell case ruling. The same is true of the plaintiff, Fred J. Bauer, who uses the same language.

The plaintiffs, William F. Streng, Paulina Neubig and Eva M. Reeb, agreed to pay the assessment for the improvement of streets or alleys generally as well as taxes, in the following language, "Free and clear from all incumbrances whatsoever, excepting the taxes for the last one-half of the year 1892 and for the year 1903, and all assessments for the improvements of streets or alleys abutting on said premises, which taxes and assessments the grantee herein hereby assumes and agrees to pay when due."

This language is open to great doubt, but the grantees reserving to themselves to pay only when due, and the general terms of the assumption and the indefiniteness of the language used,

compels me to grant these plaintiffs the relief prayed for, and as to them the rule in the Caldwell case will not be applied.

The plaintiff, Louis Reidelbach, agrees to pay the unpaid assessments for the improvement of Third street as a part of the consideration aforesaid, and, therefore, he falls within the Caldwell case, and no relief can be given him.

The plaintiff, Joseph Reidelbach, took his property free and clear from all incumbrances, except the regular taxes and assessments, and a certain mortgage which the grantee assumed and agreed to pay off and discharge. Nothing further is said in this deed which would bind Reidelbach, and the language is used simply to relieve the grantor from his liability on his warranty, and does not seem to be used for the purpose of defining the rights of the persons or with reference to the consideration. As to this plaintiff, therefore, the relief will be granted.

The plaintiff, John G. Kull, in purchasing his lot, agreed to pay, as a part of the consideration, the taxes for the year 1900, and also the last half of the taxes for 1899, and by a separate clause in the exception, he also agrees to pay any unpaid installment of street assessment.

I am in great doubt as to the proper construction of this language, but in view of the fact it is expressly recited that the taxes are assumed as part of the consideration, and that this agreement is separate from and this recital is omitted from the agreement to assume the street assessments, my conclusion is that the agreement will only bind him to pay such installments of street assessments as are constitutional and legal and not that portion which is void, and, therefore, the relief will be granted to this plaintiff.

The plaintiff, Mary A. Kaetzel, in purchasing her property, agrees to pay the assessment as a part of the "above consideration," therefore bringing her clearly under the Caldwell case.

The plaintiff, Martin L. Kellner, was given a warranty that the premises are free and clear of all incumbrances except the assessments for the improvement of South Third street, as far as the same are unpaid, which the grantee assumes and agrees

to pay.   Here again the language used seems more to relieve the grantor of his liability on the warranty than to show an agreement of the grantee to pay as a part of the consideration, and whatever the presumption might be from the use of this language in view of an agreement between the parties to pay, as a part of the consideration or purchase-price, the presumption should be just as strong that they did not agree or assume to pay illegal or void assessments.   And I will, therefore, grant the relief to this plaintiff.   This applies to both of the tracts which were purchased by said Kellner.

The plaintiff, Frederick Klein, comes within the same list, as the same language was used in his deed.  The same relief will be granted Louise Reidelbach.

The plaintiff, Sadie T. Dixon, took her property simply subject to any unpaid taxes and assessments and she is clearly relieved, in my opinion, and is entitled to the relief granted in this case.

For the reasons stated with reference to Kellner, George Stutz will be relieved, in spite of the language of his deed.

The plaintiff, J. L. Waldschmidt, agreed to pay the assessments, as a part of the consideration, and, therefore, comes within the rule in the Caldwell case, and he can not be granted the relief.

The plaintiff, Daniel Hellwig, agrees to pay the assessments, as a further consideration of said premises, and, under the rule of the Caldwell case, I can not grant him any relief.

A decree may be drawn, therefore, in accordance with the views expressed in this opinion.   The relief being granted, of course, as to the original assessment.

Exceptions will be noted for all parties, and the appeal bond fixed at $200.

*Clark & Mosier*, for plaintiffs.

*Marshall & Weinlein*, for defendant.